1  **FRANK A. WEISER**, State Bar No. 89780
   Attorney at Law
2  3460 Wilshire Blvd., Suite 1212
   Los Angeles, California 90010
3  Telephone: (213) 384-6964
   Facsimile:  (213) 383-7368
4  E-Mail:    maimons@aol.com

5  Attorney for Plaintiff
   MUKESH  PATEL and
6  TROPICS MOTOR HOTEL,
   INC.

7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11

12  MUKESH PATEL; TROPICS MOTOR          | **Case No.:**
13  HOTEL, INC.,

14                                       | **COMPLAINT FOR DAMAGES
                                          AND DECLARATORY AND
             Plaintiffs,                  INJUNCTIVE RELIEF; STATE
15                                         SUPPLEMENTAL CLAIM**

16  v

17  CITY OF INDIO, a municipal           | **[42 U.S.C. SECTION 1983 –
    corporation; ABC RECOVERY             VIOLATION OF CIVIL RIGHTS]**
18  CENTER; DOES 1-10 INCLUSIVE,

19             Defendants.                | **DEMAND FOR JURY TRIAL**

20

21

22

23

24

25

26

27

28

1

Plaintiffs MUKESH PATEL and TROPICS MOTOR HOTEL, INC. ("Plaintiffs." or "Patel" or as individually named) hereby file the following Complaint and states and allege as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of the federal court exists under 28 U.S.C. Sections 1331 and 28 U.S.C. Section 1343(a)(3). This action which arises under the United States Constitution and laws of the United States, specifically the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution and involves violations of federal law actionable under 42 U.S.C. Sections 1983 and 3604, et seq. State supplemental jurisdiction exists pursuant to 28 U.S.C. Section 1367.

## PARTIES

2. Plaintiffs are the legal and beneficial owners and operator of real property commonly known as the TROPICS MOTOR HOTEL ("TMH," or "Motel") located at 82297 Indio Blvd, Indio, CA 92201,

3. Defendant CITY OF INDIO, a municipal corporation, was at all times material herein an incorporated municipality in Riverside County, CA, duly formed under the laws of the State of California.  ("City," or collectively with all other defendants ("Defendants").

4. On information and belief Plaintiffs allege that Defendant ABC RECOVERY CENTER was at all times material herein a corporation duly formed under the laws of the State of California.  ("ABC," or collectively with all other defendants ("Defendants").

5. The true names and capacities, whether individual, corporate, associate or otherwise, herein named as Does 1 through 10, and persons heretofore

unknown involved in the actions taken against the plaintiffs is unknown to them at this time. Plaintiffs are informed and believe and based thereon allege that each of the DOE defendants are responsible in some manner for the events herein referred to, and that plaintiffs' injuries and damages as herein alleged were proximately caused by those defendants. Plaintiffs sue said defendants by such fictitious names on the grounds that the true names and capacities of said defendants are unknown to them at this time. Plaintiffs will amend this complaint when the true names and capacities of said Doe defendants are ascertained. Each reference in this complaint to "defendant," defendants," or a specifically named defendant also refers to defendants sued under their fictitious names.

## **FACTS COMMON TO ALL CLAIMS**

6. Plaintiffs are long time successful real estate and hotel and motel developers who have successfully operated the abovementioned property in the City for many years.

7. During the time that Plaintiff has individually operated TMH, they have done so lawfully and in compliance with all local, state and federal laws.

8. Defendant ABC is a substance abuse treatment center that legally and beneficially own a contiguous real property to TMH at 44-359 Palm Street, Indio, CA 92201 ("RP").

9. On May 17, 2023, the City Council, the highest legislative and administrative body of the City held a hearing to consider subdividing RP into two parcels in order to facilitate the construction and operation of ABC.

10. At the hearing, and in an objection letter filed with the City by Plaintiffs' legal counsel, Plaintiffs strenuously objected to approval of the subdivision and

approval of permitting ABC next to TMH on the grounds that doing so would create a public and private nuisance and public health hazard to the general public and to TMH's guests and residents that reside at motel as the individuals who are to be treated at ABC will be drug addicts, some with criminal records related to their addiction, and that drug paraphernalia and other health and safety risks would be created for TNH's guests and residents.

10.  Plaintiffs further objected on the grounds that the City and ABC should place their project in more suitable areas of the City that does not create a public and private nuisance and public health hazard to the general public and to TMH's guests and residents that reside at motel.

11.  Plaintiffs further objected that there should be a reasonable accommodation to ameliorate the nuisance and public health hazard issue under the Federal Fair Housing Act, 42 U.S.C. Section 3604, et seq. ("FHA") and that the grant of the permit and subdivision violates Plaintiffs' constitutional rights, under the First, Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.

12.  The City Council adopted a resolution ("Resolution") at the hearing granting the subdivision and rejected Plaintiffs' objections.

Based on the above facts, Plaintiffs allege the following claims.

## FIRST CLAIM OF RELIEF

**(Violation of 42 U.S.C. Section 1983 by Plaintiffs
Against All Defendants)**

13.  Plaintiffs allege and incorporate herein by reference each and every allegation contained in paragraphs 1-12 above.

14.  Plaintiffs allege that in doing all of the things herein mentioned, the City and all of the defendants, and each of them, acted under color of the statutes, regulations, customs and usages of the City of Indio and the State of California for

purposes of "state action" and "color of law" under 42 U.S.C.  Section 1983.

15.     Plaintiffs further allege that in doing all of the things herein mentioned, the City and all of the defendants, and each of them, violated and further threaten to violate the constitutional and civil rights of the Plaintiffs, in particular their individual rights under the First and Fourteenth Amendment of the United States Constitution Petition and Grievances Clause; the Fourth and Fourteenth Amendment of the United States Constitution Search and Seizure Clause; the Fifth and Fourteenth Amendment of the United States Constitution Takings Clause; and the Fourteenth Amendment of the United States Constitution Due Process Clause, both its substantive and procedural Components, and the Fourteenth Amendment of the United States Constitution Equal Protection Clause, and, but not limited to, the Resolution on its face and as applied to Plaintiffs is in violation under the Fourteenth Amendment's Due Process Clause.

16.   Plaintiffs further allege that in doing all of the things herein mentioned, the City, violated and further threaten to violate the constitutional and civil rights of the Plaintiffs, as described in paragraphs 1-12 set forth herein, pursuant to the City's official policy, custom or practice.

17.   Defendant ABC is not entitled to any immunity, qualified or otherwise, and the individual City officials employed by the City whose identity are unknown now, are not entitled to qualified immunity.

18.   As a proximate result of the foregoing actions of the defendants

and each of them, Plaintiffs have been injured and suffered economic and non-economic damages according to proof at trial but believed to be not less than $10,000,000.00 against each Defendant, and are also entitled to appropriate declaratory and injunctive relief.  Plaintiffs are also entitled to his reasonable attorney's fees under 42 U.S.C. Section 1988.

## SECOND CLAIM OF RELIEF

**(Petition of Writ of Mandate by Plaintiffs
Against Defendant City of Indio Only)**

18.    Plaintiffs allege and incorporate herein by reference each and every allegation contained in paragraphs 1-17 above.

19.    Plaintiffs' equitable state remedy in seeking review of the City's decision to deny the Plaintiffs' appeal of the Notice is to seek mandamus review by way of this Writ Petition under California Code of Civil Procedure section 1094.5.

20.    The City violated its duties both under California state law and federal law, and specifically, although not limited to, violating by the issuance of the Notice and the denial of the appeal of the Notice in a manner as required by law, without the support of competent evidence.

21.    Plaintiffs elect to not expose their federal constitutional claims in this state Writ Petition and preserve their federal constitutional claims to be litigated under 42 U.S.C. 1983 and by way of an England reservation. See England v Medical Examiners, 375 U.S. 411 (1964).

22.    Further, this Writ Petition is a special proceeding under California state law and has no preclusive effect on Plaintiffs' constitutional claims under 42 U.S.C.

1   Section 1983, and such constitutional claims and remedies provided under 42 U.S.C.

2   Section 1983 is supplemental to any state remedy and not contingent on such state

3   remedy.

4        23.   By the City failing to give the required notice under <u>California Code of</u>

5   <u>Civil Procedure</u> section 1094.6, this Writ Petition is tolled under <u>California Code of</u>

6   <u>Civil Procedure</u> section 1094.6 and applicable California law, and is also equitably

7   tolled under Ninth Circuit precedent.

8        WHEREFORE, Plaintiffs prays judgment against the Defendants, and

9   each of them, as follows:

10
11   **<u>FIRST CLAIM FOR RELIEF</u>**

12      1.   For damages according to proof at trial but

13        believed to be not less than $10,000,000.00;

14
15      2.   For appropriate declaratory and injunctive relief;

16      3.   For attorney's fees;

17   **<u>SECOND CLAIM FOR RELIEF</u>**

18
19      4.   For a writ of mandate vacating and reversing the Notice

20   and denial of Plaintiff's appeal;

21   **<u>FOR ALL CLAIMS FOR RELIEF</u>**

22
23      5.   For costs of suit;

24
25
26
27
28

1
2
      6.  For such other and further relief as the Court deems proper.

3
Dated: March 21, 2024        LAW OFFICES OF FRANK A. WEISER

4
5
             By: /s/ Frank A. Weiser
                _____
6
                FRANK A. WEISER, Attorney for
7
                for Plaintiffs MUKESH PATEL
                and TROPICS MOTOR HOTEL,
8
                INC.

9
            **DEMAND FOR JURY TRIAL**

10
      Plaintiffs hereby demand a jury trial pursuant to F.R.C.P. 38.

11
Dated: March 21, 2024        LAW OFFICES OF FRANK A. WEISER

12
13
             By: /s/ Frank A. Weiser
                _____
14
                FRANK A. WEISER, Attorney for
                 for Plaintiffs MUKESH PATEL
15
                and TROPICS MOTOR HOTEL,
                INC.

16
17
18
19
20
21
22
23
24
25
26
27
28